**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 06-20758-CIV-TORRES

CONSENT CASE

EMMANUEL DARVILLE, EDIT EUGENE,
MARIO J. FELIZOLA, JOSUE GEORGES,
YVONNE McCONICO, VICTOR PEREZ, and
EDUARDO VELEZ,

    Plaintiffs,

vs.

AMERICAN COACH LINES OF MIAMI, INC.,
a Florida Corporation,

    Defendant.
_____/

**AMENDED ORDER SETTING CIVIL TRIAL DATE, PRETRIAL SCHEDULE,
AND REQUIRING MEDIATION**

    This matter comes before the Court pursuant to the parties' agreed scheduling report. Trial in this case is hereby rescheduled and shall be specially set to commence on Monday **April 2, 2007, at 10:00 a.m.** before Edwin G. Torres, United States Magistrate Judge, 300 N.E. First Avenue, Miami, Florida.

    Accordingly, it is **ORDERED AND ADJUDGED** as follows:

    1.    A Pretrial Conference **shall** be held in this action on **Monday, March 26, 2007, at 10:00 a.m.** No calendar call will be necessary.

2. Every motion filed in this case shall be accompanied by **one proposed original order <u>granting</u>** the motion that shall be filed electronically through the Court's new CM/ECF filing system as an attachment to the motion.  The order shall contain the **up-to-date service list** (names and addresses) of all attorneys in the case.  In light of the district court's CM/ECF program, additional copies of the proposed order and self-addressed stamped envelopes SHALL NOT be provided.  The parties are required to review their designation as counsel of record on the docket sheet to assure compliance with the Court's filing system requirements and the Court's administrative orders mandating such compliance.

3. Counsel must meet no later than ONE MONTH prior to the beginning of trial to confer on the preparation of a Pretrial Stipulation.  The original and one copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below.  The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, <u>not to exceed one short paragraph per litigant claim</u>, to be read as an introduction for voir dire examination.  The Court will not accept unilateral Pretrial Stipulations, and will strike *sua sponte* any such submissions.  Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, all other parties shall file a certification with the Court stating the circumstances.  Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

4. The parties SHALL submit proposed jury instructions and/or proposed findings of fact and conclusions of law.  The Court does not require the filing of proposed voir dire questions, although either party may file such a request by the date of the

pretrial conference if they choose. The Court prefers to discuss at the pretrial conference whether there are any unique issues that should be addressed with regard to voir dire questions, most especially whether there are any topics that the parties would prefer that the Court address directly rather than through the parties' counsel. The parties should be advised that the Court will give the parties some reasonable time period for their own voir dire questions, so long as the voir dire process is not converted into an opportunity for argument prior to the start of trial.

      a. For cases or claims to be heard before a jury, proposed jury instructions must be submitted by the FIRST DAY OF TRIAL.

           1. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. The parties shall submit a **SINGLE, JOINT** set of proposed jury instructions, though the parties do not have to have agreed on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be *italicized*. Instructions and questions proposed only the defendant(s) to which the plaintiff(s) object shall be **bold-faced**. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the legal basis for the objection(s), also supported by citations of authority.

2. A copy of the proposed jury instructions shall be delivered to chambers at the time of filing, together with a computer disk compatible with Corel WordPerfect version 10.0 or greater. (Alternatively the instructions may be delivered electronically to Chambers at torres@flsd.uscourts.gov).

3. The Court expects counsel will cooperate in good faith and in most cases, should be able to agree on the general organization of the instructions, standard instructions, and similar routine issues, thereby limiting the Court's consideration to *bona fide* substantive disputes relating to the instructions and verdict form. **Failure to cooperate in good faith and/or to submit proposed jury instructions as required by this order will result in appropriate sanctions being imposed upon the offending party, including dismissal of claims or striking of defenses**.

4. To facilitate that process, the parties are advised that the Court usually requires jury instructions to be stated in plain language that is easy for lay persons to understand. Instructions should focus on the correct law to be applied with limited factual discussion or lengthy summaries of the parties' evidence. That is for the parties to address in closing arguments. The parties should also be aware that the Court will require that jury instructions be finalized before closing arguments in order for the parties to be able to utilize the instructions at closing. The Court prefers, but does not require, that the jury be instructed by the Court *prior to* the closing arguments, in order to facilitate the jury's understanding of the parties' arguments.

b. For cases or claims that will not be heard by a jury, each party shall file Proposed Findings of Fact and Conclusions of Law at least ONE WEEK prior to the beginning of trial at the time of the pretrial conference. Proposed Findings of Fact shall be supported by citations to the documentary evidence, if applicable. Conclusions of Law

shall be supported by citations of authority. Copies shall be delivered to chambers at the time of filing, together with a computer disk compatible with Corel WordPerfect version 10.0.

     5.    If deposition transcripts will be used at trial, the parties shall comply with the following guidelines:

          a.    Ten days prior to the date of the pretrial conference Plaintiff shall serve designations of any deposition transcripts it intends to use at trial. Three business days later, Defendant shall serve its counter-designations, together with any objections to Plaintiff's designations. Three business days later Plaintiff shall serve any rebuttal designations, together with any objections to Defendant's counter-designations. By the time of the pretrial conference, Defendant shall serve any objections to Plaintiff's rebuttal designations. The Court may entertain arguments on any objections to the designations at the pretrial conference.

          b.    By the date of the pretrial conference, the parties shall prepare and JOINTLY FILE one transcript for each deposition to be used during trial. The parties shall edit the transcript, using a mini-transcript preferably, to remove all irrelevant, extraneous and unnecessary pages. Each portion of the testimony designated shall be bracketed to indicate beginning and end. A notice of filing setting forth each party's designated testimony by line and page, and setting forth all objections, shall be filed with the transcript. In addition to listing objections in the notice of filing, the objections shall also be indicated in the margin of the transcript. The parties may either write their objections in the margins, or use logical abbreviations that will be apparent to the Court and other parties (for example "H" for hearsay). If the parties use abbreviations, the notice of filing must include a key for the Court's reference.

    c. A courtesy copy of the notice and transcript shall be delivered to chambers at the time of filing.  Each party shall mark the courtesy copy of the transcript with a different color ink or highlighter to identify its designated portions of the transcript.

  6. All exhibits must be pre-marked.  The exhibits shall be marked numerically. The letter "P" for Plaintiff's exhibits, and the letter "D" for Defendant's exhibits, shall precede the exhibit number (e.g., "P-1" and "D-2").  A typewritten exhibit list setting forth the number and description of each exhibit must be submitted at the time of trial.  The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

  7. A Motion for Continuance shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which trial is scheduled to commence.  A continuance of the trial date will be granted only on a showing of compelling circumstances and, most likely, only if there is agreement of the parties as the trial date in this Order is specially set at the parties' request.

  8. The following timetable shall govern the pretrial procedures that remain in this case.  (The timetable includes certain dates that have already passed but are incorporated to memorialize the parties' earlier agreement to comply with that date).  This schedule shall not be modified absent compelling circumstances.  **<u>All motions for an enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable</u>**.  Failure to include such a statement may be grounds for denial of the motion.

**<u>Pretrial Deadlines and Trial Date</u>**

| | |
|---|---|
| Dec. 1, 2006 | All fact discovery shall be completed. The Parties shall be under a continuing obligation to supplement discovery responses within 10 days of receipt or other notice of new or revised information. |
| Dec. 1, 2006 | Defendant(s) must provide Plaintiff(s) an expert witness list accompanied by the summaries and reports required by Local rule 16.1(K). Only those expert witnesses named on this list and for whom the required summaries and reports have been provided shall be permitted to testify at trial. Within the 14 day period after this deadline, Defendant(s) shall make the expert witnesses available for deposition by Plaintiff(s). |
| Jan. 1, 2007 | All expert discovery must be completed. |
| | Note: In the event that there are any unresolved discovery motion pending fifteen days prior to this date, the moving party shall immediately advise the Court of all such unresolved motions together with their status. |
| Feb. 15, 2007 | Mediation must be completed. |
| March 2, 2007 | All dispositive motions must be filed. |
| Mar. 15, 2007 | All motions in limine must be filed. |
| Mar. 19, 2007 | Joint Pretrial Stipulation must be filed. |
| Mar. 26, 2007 | Pre-Trial Conference shall be held. |
| Mar. 26, 2007 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| Mar. 26, 2007 | Deposition designations must be filed. |
| April 2, 2007 | Beginning of Trial |

9. In order to facilitate the accurate transcription of the trial proceeding, the parties shall provide to **Maedon Clark**, the Court's Courtroom Deputy, at **301 North Miami Avenue, 3rd Floor, Room 392, Miami, Florida 33128**, a copy of a) the witness

and exhibit lists, b) a designation of unique proper nouns/names which may be used at trial, and c) a list of the names of all attorneys who will participate in the trial, to be received no later than the first day of trial.

10. If the case is settled, counsel are directed to inform the Court promptly at (305) 523-5750 and to submit a stipulation for dismissal signed by all parties together with an appropriate Order of Dismissal, pursuant to Fed.R.Civ.P. 41(a)(1). Such stipulation and order must be filed within fifteen (15) days of notification of settlement to the Court.

11. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, hearing a motion, or trial. Stipulations that would so interfere may be made only with the Court's approval. See Fed.R.Civ.P. 29.

12. The parties are referred to mediation in accordance with Local Rule 16.2. The parties shall complete mediation by the date set forth above. The parties shall notify the Court of the results of the mediation (settled, impasse or adjourned to continue discussions) within five (5) days of the conclusion of the mediation.

13. Any private agreement, suggested or proposed Rule 16 scheduling conference agreements between counsel, Rule 16 scheduling order, or orders of the court attempting to set dates contrary to this order are hereby **STRICKEN** and **VOID.**

**IT IS FURTHER ORDERED** that failure to comply with this or any Order of this Court, the Local Rules, or any other applicable rule shall result in sanctions or other

appropriate actions.  It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of January 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
All Counsel of Record